# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 30 2018, 9:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

J. M.
Westville, Indiana

ATTORNEY FOR APPELLEES:
G.A AND J.A.

Debra Voltz-Miller
South Bend, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In re: The Adoption of: J.W.A., <br><br> J. M., <br> *Appellant,* <br><br> v. <br><br> State of Indiana, A. A., G. A., and J. A., <br> *Appellees.* | January 30, 2018 <br><br> Court of Appeals Case No. 71A03-1704-AD-764 <br><br> Appeal from the St. Joseph Probate Court <br><br> The Honorable James N. Fox, Judge <br><br> Trial Court Cause No. 71J01-1512-AD-132 |

**Robb, Judge.**

# Case Summary and Issue

[1] The trial court granted a petition by J.A. and G.A. ("Grandparents") to adopt their grandson, J.W.A ("Child"), finding the consent of J.M., Child's putative father, was unnecessary. J.M., acting pro se, appeals the trial court's order granting the petition for adoption, raising one issue for our review, which we restate as whether the trial court abused its discretion in granting the adoption over J.M.'s objection. Concluding J.M.'s consent was not required, we affirm.

# Facts and Procedural History

[2] Child was born on January 31, 2015, to A.A. ("Mother"). A.A. and Child lived with Grandparents, A.A.'s parents, continuously since the time of Child's birth. J.M. was incarcerated when Child was six months old and he remains incarcerated at this time. When Child was one year old, Mother gave her permission for Grandparents to formally adopt Child. On January 5, 2016, counsel for Grandparents sent J.M. a letter and Notice to Named Father informing him of the impending adoption. In compliance with the dictates of Indiana Code section 31-19-4-5, the notice stated:

> If [J.M.] seeks to contest the adoption of the child, he must file a motion to contest the adoption in accordance with I.C. 31-19-10-1 in the above named court, or a paternity action under I.C. 31-14 not later than thirty (30) days after the date of service of this notice.

> If [J.M.] does not file a motion to contest the adoption; or a paternity action under IC 31-14; within thirty (30) days after

service of this notice; or after filing a paternity action under IC 31-14 fails to establish paternity within a reasonable period as determined by the paternity court under IC 31-14-21-9 through IC 31-14-21-11, then the above named court will hear and determine the petition for adoption. His consent will be irrevocably implied and he will lose his right to contest either the adoption or the validity of his implied consent to the adoption. He will lose his right to establish his paternity of the child under I.C. 31-14.

Appendix of Appellant, Volume 2 at 10.[1] On January 20, 2016, J.M. filed a handwritten letter with the trial court designated "Motion to Contest Adoption" stating his intention to contest the adoption, establish paternity, and seek custody of Child.

[3] Grandparents filed their petition to adopt on February 3, 2016. Accompanying the petition was Mother's consent and an affidavit from the Indiana State Department of Health affirming that no putative father had registered with the Putative Father Registry and there was no paternity determination on file.[2] On March 24, 2016, Grandparents filed a Motion to Determine Standing to Contest Adoption alleging J.M. had failed to timely register with the Putative

---

[1] We note the form of this notice is not the form required by the version of Indiana Code section 31-19-4-5 in effect in 2016. The language in the notice provided to J.M. appeared in an earlier version of the statute. In 2010, the statute was amended to eliminate references to filing a paternity action as a possible course of action in response to the notice. Nevertheless, the notice does properly advise J.M. of his obligation to file a motion to contest the adoption within thirty days and the consequences of failing to do so.

[2] The petition and accompanying documents were not included in the appendix filed by either J.M. or Grandparents.

Father Registry or file a paternity action and therefore his consent to the adoption should be irrevocably implied without further court action.

[4] On August 8, 2016, J.M. filed with the trial court an Indiana Putative Father Registry form, dated August 3, 2016. On August 17, 2016, J.M. filed a petition for temporary guardianship of Child.[3]

[5] The trial court appointed a Guardian Ad Litem ("GAL"). The GAL filed his report with the court on September 9, 2016, concluding that it would be in Child's best interests for the court to grant Grandparents' adoption petition. The trial court held an evidentiary hearing on September 19, 2016, at which J.M. appeared and presented his case. The trial court issued its order approving the adoption petition on March 8, 2017, which, in pertinent part, reads as follows:

> The Court having heard evidence on the Petition for Adoption now finds:
> 1. The adoption requested is in the best interest of the child.
> 2. [Grandparents] are of sufficient ability to rear the child and furnish suitable support and education.
> * * *
> 5. Proper notice of the petition for adoption, if necessary, has been given.
> 6. Proper consent, if necessary, has been given.

---

[3] This petition for temporary guardianship does not appear in the record before us, but it appears from J.M.'s brief that he was perhaps requesting his mother be named temporary guardian of Child. *See* Brief of Appellant at 12 (J.M. arguing that his mother or aunts and uncles "should have been offered the opportunity to legally be an active guardian to [Child] before they were actively deprived of their rights before the continuing of the Adoption proceeding").

> \* \* \*
>
> The Court heard testimony, took evidence, and considered the
> pleadings and now determines as follows:
> \* \* \*
> The alleged father of the child is [J.M.];
> [J.M.] has failed to sign a paternity affidavit;
> [J.M.] has no relationship with the child;
> [J.M.] has failed to provide any support for the child;
> [J.M.] has been incarcerated for the entire life of the child;
> [J.M.] has failed [to] file for paternity of the child before the
> contested adoption of the child;
> The Court finds the facts of the Petition are true:
> \* \* \*
> The consent of the biological father can be implied because he
> has not timely filed to establish paternity or registered with the
> putative father registry;
> \* \* \*
> The evidence presented was overwhelmingly in favor of granting
> the adoption.
> 1.  The court approves [Grandparents'] Petition for Adoption.
> 2.  The Court denies [J.M.'s] Petition for Temporary
> Guardianship.

Appendix of Appellant, Volume 2 at 43-44. J.M. filed his notice of appeal on

April 10, 2017, and then, on May 4, 2017, filed a petition to establish paternity

of Child, referencing the pending appeal.

# Discussion and Decision

## I. Standard of Review

Pursuant to statute, a trial court shall grant a petition for adoption if the

adoption is in the child's best interest, the petitioners are sufficiently capable of

rearing and supporting the child, and proper consent, if required, has been given. Ind. Code § 31-19-11-1(a). We review the entry of an adoption decree by considering the evidence most favorable to the petitioners and the reasonable inferences that can be drawn therefrom to determine whether sufficient evidence exists to sustain the trial court's decision. *Matter of Adoption of C.J.*, 71 N.E.3d 436, 442 (Ind. Ct. App. 2017). We will not overturn the trial court's decision unless the evidence leads to but one conclusion and the trial court reached the opposite conclusion. *In re Adoption of S.O.*, 56 N.E.3d 77, 80 (Ind. Ct. App. 2016). "The decision of the trial court is presumed to be correct, and it is the appellant's burden to overcome that presumption." *K.S. v. D.S.*, 64 N.E.3d 1209, 1214 (Ind. Ct. App. 2016) (citation omitted).

## II. Necessity of J.M.'s Consent

[7] The issue is whether the trial court erred in granting the petition for adoption over J.M.'s objection. It is undisputed that J.M. did not execute a paternity affidavit, did not register with the putative father registry until well after the adoption petition was filed, and has not established paternity.[4]

---

[4] Grandparents contend that J.M.'s failure to register with the putative father registry before the filing of the adoption petition and his failure to file a paternity action within thirty days after the petition was filed irrevocably implies his consent to the adoption. This contention appears to be a misunderstanding of the relevant statutes. First, the putative father registry statute "*does not apply if*, on or before the date the child's mother executes a consent to the child's adoption, the child's mother discloses the name and address of the putative father to the attorney or agency that is arranging the child's adoption." Ind. Code § 31-19-5-1(b) (emphasis added). Although we do not have the mother's consent in the record before us so we may know the exact date she signed the consent, it appears she gave the attorney arranging the adoption J.M.'s name and address in January of 2016 because he was provided notice at that time. The petition for adoption with

[8]     The adoption of a minor child generally requires, among other things, the written consent of the child's mother, and, if the child is born out of wedlock, the consent of the child's father whose paternity has been established by law. *In re B.W.*, 908 N.E.2d 586, 590 (Ind. 2009); Ind. Code § 31-19-9-1(a)(2). Here, J.M.'s paternity has not been established by law. As the trial court found, he neither executed a paternity affidavit nor instituted a paternity action. His consent to the adoption is therefore not required. This is reinforced by the provisions of Indiana Code section 31-19-9-8, which provides that "[c]onsent to adoption, which may be required under section 1 of this chapter, is not required" from, among others, the following:

---

the accompanying consent was not filed until February of 2016. Therefore, it does not appear the putative father registry statutes apply to this situation. Second, the purpose of the putative father registry is to "determine the name and address of a father whose name and address have not been disclosed by the mother . . . so that notice of the adoption may be provided to the putative father." Ind. Code § 31-19-5-3. A putative father whose name and address are not provided by the mother must register in order to be entitled to notice. Ind. Code § 31-19-5-5. Mother apparently provided J.M.'s name and address. J.M. was provided notice of the pending adoption. Requiring him to register *after* he received notice would serve no purpose. Finally, the statutes upon which Grandparents base their contention that J.M.'s consent is irrevocably implied are not applicable. Indiana Code section 31-19-9-12 states the consent of a putative father to adoption is irrevocably implied without further court action under four alternate circumstances: where the putative father fails to file a motion to contest the adoption; files a motion to contest but fails to appear at the hearing; files a paternity action but fails to establish paternity; or fails to register with the putative father registry when required to. Because J.M. filed a motion to contest the adoption and appeared at the adoption hearing and because J.M. did not file a paternity action and is not required to register with the putative father registry, this section does not apply. Ind. Code § 31-19-9-12(2). As to J.M.'s failure to file a paternity action, Indiana Code section 31-19-9-15 states the putative father's consent to adoption will be irrevocably implied without further court action if the father fails to file a paternity action within thirty days of "receiving actual notice *under IC 31-19-3*" of the mother's intent to proceed with adoptive placement of the child. Ind. Code § 31-19-9-15(a) (emphasis added). J.M. did not receive notice under Indiana Code chapter 31-19-3, which applies to pre-birth proceedings; he received notice under Indiana Code chapter 31-19-4, which applies to post-birth adoption proceedings. Thus, we disagree with the bases on which Grandparents justify the trial court's decision, although we ultimately agree with them that the trial court did not err in granting the adoption petition.

(3) The biological father of a child born out of wedlock whose paternity has not been established:

(A) by a court proceeding other than the adoption proceeding; or

(B) by executing a paternity affidavit under IC 16-37-2-2.1.

[9] For that reason alone, the trial court did not err in granting the adoption petition even without J.M.'s consent. J.M.'s consent did not need to be implied when J.M.'s consent was never required. Although J.M. filed a motion to contest the adoption, he did not do anything thereafter to show that he was *entitled* to contest the adoption; that is, he did not establish or even attempt to establish paternity. The fact that J.M.'s motion to contest the adoption was implicitly denied by the trial court when it granted the adoption petition means J.M. is now "barred from establishing paternity of [Child], by affidavit or otherwise, in Indiana or any other jurisdiction . . . ." Ind. Code § 31-19-10-8.

[10] The trial court found that the adoption was in the best interests of Child, that Grandparents have sufficient ability to raise Child and offer him suitable support and education, that the proper notice was given, and that the necessary consents were obtained. The evidence supports these findings, and the trial court therefore properly granted the adoption petition.[5]

---

[5] J.M. raises several other issues, but because of our resolution of the consent issue, we need not address them.

# Conclusion

[11] The trial court did not err in granting the adoption over J.M.'s objection because J.M.'s consent was not necessary. The judgment of the trial court is affirmed.

[12] Affirmed.

Crone, J., and Bradford, J., concur.